IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL JOHNSON,<br>    Petitioner,<br><br>v.<br><br>THE HONORABLE U.S. MAGISTRATE<br>JUDGE RICHARD A. LANZILLO, et al,<br>    Respondents. | Civil Action No. 22-CV-17<br><br>District Judge Baxter |

## MEMORANDUM OPINION

This action was filed in this Court on January 13, 2022. Petitioner Jamiel Johnson is an inmate incarcerated within the state correctional system and he is representing himself.

This petition for writ of mandamus is directed toward Deputy Attorney General Gills (based on his purported fraud upon the court in Civil Action Number 1:21-cv-121) and Magistrate Judge Richard Lanzillo (based on lack of subject matter jurisdiction in the same case). In summary, Mr. Johnson seeks the intervention of the undersigned in that civil rights action 1) to remove Magistrate Judge Lanzillo from the case and 2) to compel the production of certain discovery by the Deputy Attorney General Gills.[1]

---

[1] In his own words, the relief that Mr. Johnson seeks is:

> "Investigate this matter expeditiously in the interests of justice;
>
> Order Respondent Magistrate [Judge] Lanzillo to restrain jurisdiction over the Petitioner's case;
>
> Direct the court administrator or appropriate officer of the district court to assign a district judge to the Petitioner's case;
>
> Order Deputy AG Gill to provide the Petitioner with above nonprivileged (thus, non confidential) discovery materials of his prisoner witnesses' addresses, of his mental health records of PTSD diagnosis, and of the DIVAR KB cell pod video footage of excessive force inflicted on the Plaintiff by the Defendant, so that the Petitioner may in good faith prepare for trial; or
>
> suspension without pay of above Respondents for thirty (30) days each; or in the alternative,

1

Since the filing of this matter over six weeks ago, Mr. Johnson has done nothing to prosecute this case. He has been ordered to either pay the filing and administrative fees or file a motion for leave to proceed in forma pauperis [ECF No. 2] and when he failed to comply with that order, he was directed to show cause for his failure [ECF No. 3]. As of today's date, Mr. Johnson has failed to respond to either order of this Court.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. Apr. 24, 2019) *quoting Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.*, *quoting Poulis*, 747 F.2d at 868.

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. The Court has issued two orders to Mr. Johnson. Copies of both orders were mailed to him at his address of record.[2] Both orders have been ignored by him.

Mr. Johnson is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate

---

any other remedy this Attorney General of the United States deems is appropriate …"
ECF No. 1, page 7.

[2] No mail has been returned to this Court.

with indigent parties like Mr. Johnson. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). This Court finds that these two *Poulis* factors weigh in favor of dismissal based on Mr. Johnson's failure to prosecute.

The meritoriousness of Mr. Johnson's claim is dubious. Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id*. "Notably, the statute does not provide a remedy against state actors or agencies" *Elansari v. FBI*, 2020 WL 4365604, at *1 (E.D. Pa. 2020). Accordingly, there is no legal basis for the Court to grant the instant petition as to the Deputy Attorney General as he is not a federal employee, but is the typical state employee. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) ("to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories."); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that the district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official"). Additionally, Mr. Johnson provides no adequate basis for the undersigned to remove Magistrate Judge Lanzillo from assignment to the civil rights action. Although Mr. Johnson declined to have a Magistrate Judge exercise full jurisdiction over that matter, choosing that option does not deprive the Magistrate Judge of subject matter jurisdiction over the claim.

The other three Poulis factors (the prejudice to the opposing party, the history of dilatoriness, and whether the conduct was willful or in bad faith) are neutral as this case is in its infancy and there is no basis upon which to make any such findings.

3

So then, three of the six *Poulis* factors weigh in favor of dismissal, while three of the six are neutral. None of the factors weigh against dismissal. Not all of the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Mr. Johnson's participation in the prosecution of his petition, the case cannot proceed. Accordingly, this case will be dismissed due to Mr. Johnson's failure to prosecute. This dismissal will be without prejudice.

An appropriate Order follows.